■ MANFRED ROCKEN-STYRE, Appellant, v. WESLEY C. HUCK, Respondent. — STALEY, JR., J. Appeal by plaintiff from a judgment of the Supreme Court, entered October 21, 1968 in Warren County, upon a verdict of no cause of action in a personal injury negligence action. On March 7, 1966 the appellant was operating his automobile in a westerly direction on Horicon Avenue in the Town of Bolton when it came in collision, at the intersection of Horicon Avenue and First Street, with an automobile owned by respondent while being operated by his daughter-in-law, Patricia Huck, in a southerly direction on First Street. Appellant's main contention is that it was reversible error for the trial court to refuse appellant's requests to charge that Horicon Avenue was a "through street" and to charge the provisions of sections 1162, 1163, and 1173 of the Vehicle and Traffic Law. A "through highway" is defined in section 149 of the Vehicle and Traffic Law as a highway "on which vehicular

traffic is given preferential right of way, and at the entrances to which vehicular traffic from intersecting highways is controlled by traffic-control signals". Since there was no evidence in the record indicating that there were control signals at the intersection of Horicon Avenue and First Street, the trial court properly refused to charge appellant's request that Horicon Avenue was a "through street". The evidence further indicates that the operator of respondent's automobile stopped on First Street at the northerly edge of Horicon Avenue and then proceeded into the intersection approximately four feet at which point the collision occurred. The operator testified that its was her intention to turn left and proceed easterly on Horicon Avenue. In reply to the request to charge sections 1162, 1163 and 1173 of the Vehicle and Traffic Law, the trial court declined to charge those sections since in its opinion they had no application to the facts in the lawsuit. Section 1162 relates to starting a parked vehicle, and section 1173 provides directions to drivers of a vehicle emerging from an alley, driveway, or building, and neither section is applicable to the facts as established in the record. Section 1163 of the Vehicle and Traffic Law relates to turning movements of a vehicle at an intersection, and the trial court refused to charge that section on the basis that the section is only applicable to vehicles traveling in opposite directions. Even if we assume that section 1163 is not so limited, the facts as established on the trial did not require a specific charge of section 1163. However, the trial court did charge section 1140 of the Vehicle and Traffic Law relating to vehicles approaching or entering an intersection, in addition to charging the general rules of negligence and the general rule of mutual forbearance. In our opinion there were no errors in the trial court's charge, and the verdict was not contrary to the weight of the evidence. Judgment affirmed, without costs. Gibson, P. J., Reynolds, Aulisi, Staley, Jr., and Greenblott, JJ., concur in memorandum by Staley, Jr., J.